### In re LASBY.

### No. 4835.

District Court, D. Montana.

Dec. 21, 1933.

H. L. Maury and A. G. Shone, both of Butte, Mont., for bankrupt and petitioner; William D. Lasby.

E. G. Toomey and Carl McFarland, both of Helena, Mont., for creditor, Charles N. Burgess.

BOURQUIN, District Judge.

Subsequent to adjudication, a creditor in a local court instituted contempt proceedings against the bankrupt, and the latter seeks to enjoin further prosecution thereof by the former.

It appears that years prior to bankruptcy, the creditor in said local court commenced foreclosure of a mortgage executed by Lasby upon his lands, and therein procured receivership to conserve the property. In due time the court granted a contested motion to vacate the receivership, and ordered some $7,000 therein accumulated and deposited with the court's clerk, to be paid to Lasby. Thereupon ensued a race in diligence, Lasby to secure the money, the creditor to procure stay, appeal and supersedeas, in which Lasby won by a throat latch. Although notice of appeal had been filed and Lasby and the clerk had been told by the creditor that the court had been requested and had promised to send a stay order to the clerk, it does not appear that the order had been signed or even made by the court before payment; and the stay order was received by the clerk one hour subsequent to payment by him pursuant to the only order presently of record in his office.

It seems probable that Lasby disbursed the money to his counsel and creditors before the Supreme Court some time later enjoined them to hold subject to its further order whatever of the money they yet had. And so it is probable the stable was locked by stay and injunction after the horse was taken but not stolen. Thereafter, the order was reversed on appeal, with instruction that the lower court direct Lasby "to return and pay over to the clerk * * * the sum" by the former from the latter received as aforesaid. See Burgess v. Lasby, 93 Mont. 610, 23 P.(2d) 1100.

The local court issued order accordingly, but within the time for compliance, Lasby was adjudicated a bankrupt. Thereafter, trustee was appointed, claim for the mortgage debt by the creditor filed, and the contempt proceedings instituted and praying only punishment because of noncompliance with the order.

In this state of the evidence it is believed the local court can rightfully proceed to hear the evidence and render such judgment as justice requires. The fund in the local court was in custodia legis to satisfy if necessary the creditor's claim; and though Lasby rightfully received it if the stay order had not yet been made, whether rightful or not in his hands it was subject to restitution specifically or in kind if and when the order for payment was reversed on appeal and restitution by the lower court ordered to be made. From restitution bankruptcy did not absolve him. If the statute extends to money, by virtue of the injunction Lasby was custodian for the local court of any of the fund under his control when order of restitution made. It was in the nature of a trust, not his property, was subject to the jurisdiction of the local court attaching years before bankruptcy, was not within the jurisdiction of this court, did not vest in the trustee, it and he continued subject to the order of the local court, and failure by him its order to obey is contempt of its just authority.

If, however, he had none the specific fund as aforesaid, his obligation therefor is that of a debtor and to be enforced only so far as necessary and out of any his estate in bankruptcy in due course of administration. That is to say, the trust fund not in being and to be made good out of the bankrupt's general funds, all of which vested in the trustee and beyond the bankrupt's control, this court has exclusive jurisdiction, and the local court none to coerce the bankrupt to do the impossible or suffer the consequences.

But as before stated, the order of restitution contemplates only the specific fund, and so the local court is not subject to interference by this court. In consequence the creditor likewise.

Injunction denied, proceedings dismissed, with costs to the creditor.